IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| V. | ) Criminal No. **07-40040-05-GPM-CJP** |
| **RAMONA FRICHTL,** | ) ) ) |
| Defendant. | ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Ramona Frichtl's "Motion to Reconsider Report and Recommendation and Change Order of Commitment." **(Doc. 264).** A review of the motion reveals that the caption is misleading. The Court construes Frichtl's "Motion to Reconsider Report and Recommendation and Change Order of Commitment" as a motion to reopen the sentencing determination relative to Count 12.

Defendant Ramona Frichtl asks the Court to consider a letter from psychiatrist Dan Montgomery, M.D, regarding Frichtl's daughter, Elizabeth, who has been diagnosed with Asperger's disorder and learning disability. Dr. Montgomery opines that it would be detrimental to Elizabeth to have her mother and father both incarcerated at the same time. Frichtl now proposes– in apparent order of preference– that: (1) no period of incarceration be imposed; (2) only home confinement be imposed; or (3) incarceration at a halfway house be delayed until Dennis Frichtl, her husband who has been sentenced to twenty-six months imprisonment, is released from prison.

The government objects to reopening and/or altering defendant Ramona Frichtl's

1

sentence in any manner. **(Doc. 268).** The government notes that Federal Rule of Criminal Procedure 35(a) dictates that the Court may only correct a sentence within a seven-day window following sentencing, and only if there has been an arithmetical, technical or other error. For purposes of Rule 35, "sentencing" includes the pronouncement of sentence. Defendant Frichtl did not file a reply addressing the government's procedural argument.

This Court did conduct a sentencing hearing on August 28, 2008, relative to Count 12 (a Class A misdemeanor), wherein sentence was pronounced, placing Frichtl on probation for a term of two years with a condition that she spend thirty days in a community treatment center (halfway house). However, the sentence was not formally entered, because a Judgement and Commitment order could not be entered until United States District Judge G. Patrick Murphy dismissed Counts 1 and 2, which were felony charges. The subject motion was filed September 10, 2008, which defendant concedes was untimely. Frichtl asserts that the interests of justice and equity require consideration of Dr. Montgomery's letter.

During the previous sentencing hearing the Frichtls' daughter's situation, the length of any sentence, and whether prison, a halfway house or home confinement was appropriate, were all discussed. However, Dr. Montgomery had not evaluated Elizabeth Frichtl, and the Court did not have the benefit of his report and recommendation.

Rule 35 only permits a correction or reduction of sentence due to "error." There has been no error, so the sentence pronounced on August 28, 2008, must stand. Frichtl fails to appreciate that family hardship associated with the incarceration does not usually impact sentencing, because such hardship is ordinarily incident to conviction and incarceration. *See* U.S.S.G. § 5H1.6.

sentence in any manner. **(Doc. 268).** The government notes that Federal Rule of Criminal Procedure 35(a) dictates that the Court may only correct a sentence within a seven-day window following sentencing, and only if there has been an arithmetical, technical or other error. For purposes of Rule 35, "sentencing" includes the pronouncement of sentence. Defendant Frichtl did not file a reply addressing the government's procedural argument.

This Court did conduct a sentencing hearing on August 28, 2008, relative to Count 12 (a Class A misdemeanor), wherein sentence was pronounced, placing Frichtl on probation for a term of two years with a condition that she spend thirty days in a community treatment center (halfway house). However, the sentence was not formally entered, because a Judgement and Commitment order could not be entered until United States District Judge G. Patrick Murphy dismissed Counts 1 and 2, which were felony charges. The subject motion was filed September 10, 2008, which defendant concedes was untimely. Frichtl asserts that the interests of justice and equity require consideration of Dr. Montgomery's letter.

During the previous sentencing hearing the Frichtls' daughter's situation, the length of any sentence, and whether prison, a halfway house or home confinement was appropriate, were all discussed. However, Dr. Montgomery had not evaluated Elizabeth Frichtl, and the Court did not have the benefit of his report and recommendation.

Rule 35 only permits a correction or reduction of sentence due to "error." There has been no error, so the sentence pronounced on August 28, 2008, must stand. Frichtl fails to appreciate that family hardship associated with the incarceration does not usually impact sentencing, because such hardship is ordinarily incident to conviction and incarceration. *See* U.S.S.G. § 5H1.6.

**IT IS THEREFORE ORDERED** that defendant Ramona Frichtl's motion to reopen sentencing on Count 12 **(Doc. 264)** is **DENIED**, in that the sentence pronounced August 28, 2008, shall stand and an order of judgment and commitment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED: September 25, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
